DIERKS LUMBER & COAL CO. v. LAKE et al.

No. 33008. Dec. 23, 1947.

Rehearing Denied Feb. 10, 1948.

Second Petition for Rehearing Denied March 30, 1948.

*190 P. 2d 1006.*

Chas. E. McPherren, of Oklahoma City, for petitioner.

Fred M. Hammer, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., (Paul Pugh, of Oklahoma City, on the brief), for respondents.

PER CURIAM. This is an original proceeding brought in this court by Dierks Lumber & Coal Company, own risk carrier, to review an award of the State Industrial Commission awarding compensation to respondent C. W. Lake.

Respondent filed his first notice of injury and claim for compensation March 7, 1945, wherein it is stated that on the 13th day of February, 1945, while in the employ of petitioner, he sustained an injury to his back.

Compensation was paid respondent for temporary total disability up to and including August 18, 1945. The matter then came on to be heard before a trial commissioner for the purpose of determining the extent, if any, of permanent disability.

The trial commissioner found that respondent, on the 13th day of February, 1945, while in the employ of petitioner, sustained an accidental injury to his back resulting in a 25 per cent permanent partial disability to the body as a whole which entitled him to compensation for 125 weeks at $18 per week, or the total sum of $2,250, and awarded compensation accordingly.

The award was affirmed on appeal to the commission en banc.

Petitioner contests the award on the ground that it is not supported by the evidence and is contrary to law. It is not denied, however, that respondent is now suffering some disability. Petitioner contends the evidence shows that such disability is due to disease rather than from injury. There is medical evidence tending to support such contention. Several physicians testified that while respondent is now suffering some disability, such disability is not due to any injury, but is the result of a disease known as Scheuermann's disease contracted during childhood. There is, however, evidence to the contrary. Respondent testified that on the 13th day of February, 1945, while in the employ of petitioner and while working on a catepillar tractor, the cable holding the pan on the tractor slipped and the pan fell upon his back causing injury thereto; that the pan weighed between four and five hundred pounds; that he was placed in a hospital and treated by Dr. Jones for about six weeks, at which time he was discharged as able to do light work; that prior to sustaining his injury he had been working for petitioner for a period of about 20 years; that he was then an able-bodied man and capable of doing hard manual labor; that he has ever since been unable to do any work which requires stooping or heavy lifting, but has sufficiently recovered to do some light work.

Dr. Boggs testified that he first saw and examined respondent on the 29th day of January, 1946; that he obtained a history of the case from him; that he also examined X-rays theretofore taken by Dr. Moore; that respondent has an injury consisting of compression fractures of the bodies of the sixth, seventh and eighth dorsal vertebrae that in his opinion such injury is due to the accident of February 13, 1945; that by reason of such injury he is disabled from performing ordinary manual labor, and that as a result thereof he has sustained a 50 per cent permanent partial disability to his body as a whole.

While the evidence is in conflict on the question as to the extent of disability and the cause thereof, there is competent evidence tending to support

the finding and award of the Industrial Commission. Such finding and award will, therefore, not be disturbed by this court on review.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur. GIBSON and ARNOLD, JJ., dissent.